ROBERT A. DOLINKO (State Bar No. 076256)
rdolinko@nixonpeabody.com
RICHARD E. BROMLEY (State Bar No. 156260)
rbromley@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero, Suite 1800
San Francisco, CA 94111
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

Attorneys for Defendant
HERTZ LOCAL EDITION CORP.

FILED
CLERK, U.S. DISTRICT COURT

MAR 2 4 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVA KELLY, individually, and on behalf of others similarly situated,<br><br>            Plaintiff,<br><br>      v.<br><br>HERTZ LOCAL EDITION CORP., a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>            Defendants | Case No. **CV11-02473** RGK (JCGx)<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332(d) AND 28 U.S.C. § 1441; EXHIBITS** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF DEVA KELLY AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Hertz Local Edition Corporation ("Defendant" or "HLE") files this Notice of Removal. The above-entitled case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) and is one that may be properly removed to this Court pursuant to 28 U.S.C. § 1441. In compliance with 28 U.S.C. § 1446(a), Defendant asserts the following grounds for removal:

1.      On or about February 18, 2011, Plaintiff Deva Kelly ("Plaintiff") commenced the aforementioned action against HLE by filing a Complaint for Damages in the Superior Court of the State of California, County of Los Angeles, entitled *Kelly, et al. v. Hertz Local Edition Corp., et al.*, Case No. BC 455557 (hereinafter the "State Court Action").

2.      True and correct copies of Plaintiff's Summons and Class Action Complaint, along with the papers which accompanied the Complaint, are attached as Exhibit A hereto.

3.      HLE initially received the Summons and Complaint by personal service on its agent for service of process on February 24, 2011.  (Exhibit A.)

4.      HLE also was served with a copy of Plaintiff's Affidavit of Prejudice Preemptory Challenge to Judicial Officer, along with a Notice of Case Management Conference and Court Order dated March 1, 2011.  True and correct copies of those documents are attached hereto as Exhibit B.

5.      On March 22, 2011, HLE filed in the State Court its Answer to the Complaint, as required by the Cal. Code of Civil Procedure.  A true and correct copy of the Answer is attached hereto as Exhibit C and is incorporated herein by this reference as if set forth in full.

6.      Defendant has not filed, served or received any papers or pleadings in the State Court Action other than those attached hereto as Exhibits A, B, and C.

7.      This Notice is timely filed in that it is filed within thirty days of service of the Summons and Complaint on Hertz, the only defendant named in the lawsuit. *See* 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6.

8.      This action is removable under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), *et seq.*  The CAFA provides that the district courts "shall have original jurisdiction" over "a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. §

1   1332(d)(2)(A).  The Class Action Complaint states that the nature of the action is "a

2   class action" brought by Plaintiff Kelly.  (Compl. *passim*.)  Plaintiff Kelly is a

3   citizen of the State of California.

4         9.    HLE is a Delaware corporation with its corporate headquarters and

5   principal place of business in the State of New Jersey.  HLE was not and is not a

6   citizen of the State of California (as discussed further below).  Thus, Plaintiff is a

7   "citizen of a State different from" HLE under the CAFA.  28 U.S.C. §

8   1332(d)(2)(A).

9         10.   The CAFA requires that the putative class must have 100 or more class

10  members for the district court to exercise jurisdiction.  28 U.S.C. § 1332(d)(5)(B).

11  In part, Plaintiff seeks to represent a class of all current and former HLE employees

12  in California employed in non-overtime-exempt positions on or after January 6,

13  2007 (Compl.,¶ 2.).  Plaintiff and the class she purports to represent seek premium

14  pay for missed meal and rest breaks, civil penalties for erroneous paycheck stubs,

15  and penalties for members of the putative class whose employment was terminated

16  from HLE.

17        11.   More than 1,000 individuals (inclusive of current and former

18  employees) have worked for HLE as hourly paid, non-exempt employees in

19  California since September 19, 2009.  (*See* Declaration of Tia James ["James

20  Decl."], filed herewith, at ¶ 3.)  Thus, there are far more than the minimum 100

21  putative class members required by the CAFA for federal jurisdiction.  28 U.S.C. §

22  1332(d)(5)(B).

23        12.   The CAFA further requires that, for the district court to exercise

24  jurisdiction, the matter in controversy must "excee[d] the sum or value of

25  $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  When

26  determining the amount in controversy, "the claims of the class members shall be

27  aggregated."  28 U.S.C. § 1332(d)(6).

28

-3-

13.     Plaintiff, on behalf of the putative classes, alleges she and the class are entitled to recover (among other things): (1) unpaid wages; (2) restitution; (3) penalties pursuant to California Labor Code Sections 203, etc.; (4) attorneys' fees; and (5) injunctive relief.  (Compl., Prayer for Relief.)  The value of each of these items is to be included  in the amount in controversy in the State Court Action under the CAFA.  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) (punitive damages); *Yeroushalmi v. Blockbuster, Inc.*, 2005 WL 2083008, at *4-5 (C.D. Cal. July 11, 2005) (compensatory damages, punitive damages, attorneys' fees, and injunctive relief);  *Berry v. American Express Publ'g Corp.*, 381 F. Supp. 2d 1118, 1123-1124 (C.D.Cal. 2005) (injunctive relief); *Rippee v. Boston Market Corp.*, 2005 U.S. Dist. LEXIS 39478, at *8 (S.D.Cal. Oct. 14, 2005) (Labor Code penalties).

14.     HLE denies that Plaintiff and the class she purports to represent are entitled to either class certification or any recovery in this action and, by filing this Notice of Removal, HLE does not waive any defenses that may otherwise be available to it.  Without waiving this position, and in light of the allegations of Plaintiff's Complaint, HLE's potential liability is as follows with respect to just a few of Plaintiff's causes of action and just measuring from September 19, 2009:

a.     For penalties under Labor Code § 226, which are up to a maximum of $4,000, approximately $3,670,000.  (See James Decl. ¶ 4.)

b.     For "waiting time penalties" under Labor Code § 203 with respect to the California HLE hourly employees whose employment with HLE terminated since February 18, 2010, the potential liability to HLE is approximately $770,880.  (James Decl. ¶ 5-6.)  This is computed by taking a conservative average wage of $11 per hour x 8 hours per day x 30 days x 292 terminated employees.

c.     For missed meal and rest breaks with respect to the California HLE hourly employee class, and assuming one missed meal break and one missed

1    rest break per work week, the potential liability to HLE is approximately

2    $1,398,870.  (James Decl. ¶¶ 3 & 6.)  This is calculated by taking a conservative

3    average wage of $11 per hour x 2 missed meal or rest breaks per week x 63,585

4    work weeks.

5         15.    The foregoing amounts, which total $5,839,750, do not include

6    exposure prior to September 19, 2009, and do not include the value of injunctive

7    relief or attorneys fees.  Consequently, the amount in dispute plainly exceeds the

8    $5,000,000 threshold required under the CAFA.

9         16.    HLE is headquartered in Park Ridge, New Jersey.  Its high-ranking

10   officers (e.g., Chairman of the Board, President, Vice Presidents, Treasurer,

11   Secretary and Controller) maintain their offices there and direct and control the

12   operations of HLE from that place of business in New Jersey.  (See Earls

13   Declaration filed herewith.)  Those officers do not regularly work in California and

14   do not maintain their offices in California.  There is no doubt that New Jersey, and

15   not California, is HLE's principal place of business.  See also *Hertz v. Friend*, 559

16   U.S. __, 130 S.Ct. 1181, 2010 U.S. LEXIS 1897 (2010) (court clarifies that state

17   where corporate headquarters is located is state which has corporation's "principal

18   place of business").

19        17.    Based upon all the foregoing, HLE is not a citizen of the State of

20   California, it is not a "citizen of the State in which the action was originally filed"

21   and therefore the exceptions to removal under the CAFA set forth in 29 U.S.C.

22   §§1332(d)(4)(B) and 1332(d)(3) are inapplicable.

23        For all of the foregoing reasons, Defendant Hertz Local Edition Corporation

24   respectfully submits that the State Court Action is removable to this Court under 28

25   U.S.C. §§ 1332(d) and 1441(b).  Accordingly, Defendant HLE prays that this action

26   ///

27   ///

28

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332(d)
AND 28 U.S.C. § 1441(b); EXHIBITS

1   stand and remain removed from the Superior Court of the State of California for the

2   County of Orange to this Court.

3

4   Dated:  March 24, 2011         NIXON PEABODY LLP

5

6                   By:

7                  Robert A. Dolinko
                 Richard E. Bromley
                 Attorneys for Defendant

8                  HERTZ LOCAL EDITION CORP.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332(d)
AND 28 U.S.C. § 1441(b); EXHIBITS

# EXHIBIT A

 **CT Corporation**

**Service of Process
Transmittal**
02/24/2011
CT Log Number 518089837

**TO:**   Carolyn Fry
The Hertz Corporation
225 Brae Boulevard
Park Ridge, NJ 07656-0713

**RE:**   **Process Served in California**

**FOR:**   HERTZ LOCAL EDITION CORP. (Former Name) (Domestic State: DE)
Hertz Local Edition Corp. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Deva Kelly, individually and on behalf of others similarly situated, Pltf. vs. Hertz Local Edition, Corp., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Addendum and Statement, Instructions |
| **COURT/AGENCY:** | Los Angeles County, Superior Court, Central District, CA
Case # BC455557 |
| **NATURE OF ACTION:** | Employee Litigation - Worker's Compensation - Class Action - Violaton of the provisions of Labor Code - Failure to provide Rest Periods/Overtime Pay - Seeking preliminary and permanent injunction to restrain dfts. from violating CA Labor Code and Wage Orders |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/24/2011 at 13:10 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Lawrence R. Cagney
Westrup Klick, LLP
444 West Ocean Boulevard, Suite 1614
Long Beach, CA 90802
562-432-2551 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/24/2011, Expected Purge Date: 03/01/2011
Telephone, Carolyn Fry , 201-307-2493
Image SOP
Email Notification, Carolyn Fry cfry@hertz.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street
Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

FEB 24 2011

**SUMMONS**
*(CITACION JUDICIAL)*

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** HERTZ LOCAL EDITION, CORP., a
*(AVISO AL DEMANDADO):* Delaware corporation, and DOES 1
through 100, inclusive,

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 18 2011

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
Mary Flores

**YOU ARE BEING SUED BY PLAINTIFF:** DEVA KELLY,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individually, and
on behalf of others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Stanley Mosk Courthouse
111 North Hill St.
Same
Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):*
BC455857

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lawrence R. Cagney (SBN 141845)            562-432-2551      562-435-4856
WESTRUP KLICK, LLP
444 West Ocean Boulevard, Suite 1614
Long Beach, California JOHN A. CLARKE, CLERK

DATE: FEB 18 2011    Clerk, by _____ Mary Flores , Deputy
*(Fecha)*                *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Hertz Local Edition, Corp.

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal
Solutions
Plus

1   R. Duane Westrup, SBN 58610
    Lawrence R. Cagney, SBN 141845
2   WESTRUP KLICK, LLP
    444 West Ocean Boulevard, Suite 1614
3   Long Beach, California  90802-4524
    Telephone: (562) 432-2551
4   Facsimile:   (562) 435-4856

5   Michael L. Carver, SBN 173633
    Michelle M. Lunde, SBN 246585
6   LABOR LAW OFFICE, A.P.C.
    A Professional Corporation
7   1600 Humboldt Road, Suite 3
    Chico, California 95928
8   Telephone: (530) 891-8503
    Telecopier: (530) 891-8512

9

    Attorneys for Plaintiff DEVA KELLY and the Class

10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                  FOR THE COUNTY OF LOS ANGELES

13  DEVA KELLY, individually, and on behalf    Case No.:      BC 455557
    of others similarly situated,
14                                             CLASS ACTION

15                                             COMPLAINT FOR:
                            Plaintiff,
16                                             1.    Failure to Pay Wages &
17              ·vs.                                  Overtime:  Labor Code § 1194(a);

18                                             2.    Failure to Provide Meal &Rest
    HERTZ LOCAL EDITION, CORP., a                     Periods:  Labor Code §§ 226.7 &
19  Delaware corporation, and DOES 1                  512;
    through 100, inclusive,
20                                             3.    Failure to Timely Pay Wages:
21                                                   Labor Code § 203;
                            Defendants.
22                                             4.    Failure to Maintain and Provide
                                                     Accurate Itemized Statements:
23                                                   Labor Code § 226; and

24                                             5.    Unfair Business Practice:
                                                     Business & Professions Code
25                                                   §17200, et seq.

26                                             DEMAND FOR JURY TRIAL

27

28

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 18 2011

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
     Mary Flores

-1-
COMPLAINT

1.     Plaintiff DEVA KELLY (hereinafter referred to as "Plaintiff"), brings this class action on behalf of herself and all other similarly situated current and former hourly employees in the State of California (hereinafter collectively referred to as "Class Members") of Defendant HERTZ LOCAL EDITION, CORP. ("HERTZ") and other as of yet unnamed Defendants, DOES 1 through 100, inclusive (collectively, "Defendants"), who are similarly situated, for violations of the California Labor Code. Plaintiff, on behalf of the class, seeks damages, statutory penalties, attorneys' fees, statutory interest, and costs of suit.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the action pursuant to *Code of Civil Procedure* § 410.10 and pursuant to California *Constitution*, Article VI, §10.

3.     Each of the defendants has sufficient minimum contacts with the State of California or otherwise intentionally avails itself of the laws and markets of the State of California so as to sustain this Court's jurisdiction over the defendants.

4.     Venue is proper in Los Angeles County because Defendant conducts business here. The bad conduct, as alleged herein, emanated here. In addition, Defendant's obligation or liability arose here and the relevant transactions and events, alleged herein, occurred in and emanated here. Furthermore, the State of California has a substantial interest in deterring wrongful conduct by businesses within its borders and protecting employees from wrongful conduct emanating from California.

5.     The amount in controversy exceeds the jurisdictional minimum of this court. However, the amount in controversy with respect to Plaintiff's individual claims and each member of the proposed class in this action does not exceed $74,999, and the aggregate claim does not exceed $5 million.

## DEFENDANT

6.     Defendant is a corporation duly organized and existing under the laws of the State of Delaware.

7.    Plaintiff does not know the true names or capacities of defendants sued herein as Does 1 through 100, inclusive, and will amend her complaint toward the same as soon as they are ascertained.

8.    Plaintiff is informed and believes and, on that basis alleges, that each of the fictitiously named defendants were in some manner legally responsible for the unlawful actions, policies, and practices, including the failure to provide a duty-free meal and/or rest period, to pay all wages owed including overtime, to timely pay wages upon the termination of employment, and to provide accurate itemized statements, as described by the California laws complained of herein. Plaintiff will amend her complaint to set forth the true names and capacities of said defendants, along with the appropriate charging allegations when the same have been ascertained.

9.    On the basis of information and belief, it is alleged that each of the defendants herein was the agent of the others and the agent of Defendant. Each of the defendants was acting in the scope of his or her agency at all relevant times.  Each of the defendants' acts complained of herein was authorized or ratified by the other defendants, including Defendant or the duly authorized representatives or managing agents of Defendant, in the course and scope of the agency for the benefit of themselves, each other and the benefit of Defendant. Defendant and Does 1 through 100 are hereinafter collectively referred to as "Defendants."

## PLAINTIFF

10.    Plaintiff resides in Los Angeles County, State of California.  Plaintiff was employed as an hourly employee, specifically, a management trainee, by Defendants from approximately April of 2010 until January of 2011, in Downey, California.  Plaintiff is a member of the Class, which are defined in paragraph 20 below.

## DEMAND FOR JURY TRIAL

11.    Plaintiff hereby demands a jury trial of these matters, except those matters that must be heard before a judge.

## CLASS ALLEGATIONS

12.      Plaintiff brings this lawsuit as a class action, pursuant to California *Code of Civil Procedure* Section 382, on behalf of all hourly employees, in the State of California at any time from a four-year period prior to the filing of the complaint.

13.      Defendants, by their practices and policies, have violated the rights of their employees under the California Labor Code, and applicable Wage Orders. The questions raised are of common or general interest to the class members, and they have a well defined community of interest in the questions of law and fact raised in this action, because the action focuses on Defendants' practice of violating the California Labor Code and Wage Orders, and the California Business and Professions Code which prohibits unfair business practices arising from such violations.

14.      Plaintiff is informed and believes, and on that basis, alleges that during the relevant time period, hundreds of hourly employees were employed by Defendants in the State of California. Because of the large number of hourly employees employed by Defendants, the members of the Class are so numerous that joinder of all members is impossible and/or impracticable.

15.      The class that Plaintiff seeks to represent, as described herein, is clearly ascertainable. The rights of these individuals under the California Industrial Welfare Commission Wage Orders and California Labor Code have been violated by Defendants' failure to provide a duty-free meal and/or rest period, to pay all wages owed including overtime, to timely pay wages upon the termination of employment, and to provide accurate itemized statements.

16.      The claims of Plaintiff, which are for failure to provide duty-free meal and/or rest periods, to pay one hour wages for Defendants' failure to provide a duty-free meal and/or rest period, to pay all wages owed including overtime, to timely pay wages upon the termination of employment, and to provide accurate itemized statements, are typical of the claims of the Class Members, because Plaintiff and Class Members have suffered from the same violations of the law as the class. Plaintiff has retained competent counsel to

-4-
**COMPLAINT**

1  represent her and the Class Members, and will fairly and adequately represent the interests
2  of the class.
3      17.    A class action is superior to other available means for a fair and efficient
4  adjudication of this controversy.  Individual joinder of all Class Members is not practicable,
5  and questions of law and fact common to the class predominate over any questions
6  affecting only individual Class Members.  Each Class Member has been damaged and is
7  entitled to recover by reason of Defendants' illegal policy and/or practice of failing to provide
8  a duty-free meal and/or rest period, to pay all wages owed including overtime, to timely pay
9  wages upon the termination of employment, and to provide accurate itemized statements.
10 Class action treatment will allow those similarly situated persons to litigate their claims in the
11 manner that is most efficient and economical for the parties and the judicial system.

12
13                    **FACTS COMMON TO ALL CAUSES**
14      18.    During the times pertinent to this Complaint, Defendants were and are in the
15 business of providing rental cars to consumers.  Defendants' business has been regulated
16 by various California *Labor Code* Sections including, but not limited to, 203, 226, 226.7, 510,
17 512, 1194, and various Wage Orders, at all pertinent times.
18      19.    During the times pertinent to this Complaint, Defendants (i) failed to provide
19 duty-free meal and/or rest periods in accordance with California *Labor Code* Sections 226.7
20 and 512, and the applicable Wage Order and/or failed to pay employees one additional hour
21 of pay for each duty-free meal or rest period that was not provided in accordance with
22 California law; (ii) failed to pay all wages owed in accordance with California *Labor Code*
23 Sections 510 and 1194, and the applicable Wage Order; (iii) failed to timely pay all wages
24 upon the termination of employment in accordance with California *Labor Code* Section 203;
25 and (iv) failed to provide accurate itemized statements in accordance with California *Labor*
26 *Code* Section 226.
27 ///
28

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action as a class action on behalf of the following defined Class and Subclass (collectively, "Class" or "Class Members"):

**Class:**     All hourly employees in California who are or were employed by Defendants, during the time specified under each of the following causes of action.

**Sub-Class:**  During the time specified under each of the following causes of action, all members of the Class whose employment with Defendants has terminated.

21.     Plaintiff is informed and believes, and on that basis, alleges that during the relevant time period, hundreds of hourly employees have been employed by Defendants, in the State of California, including Los Angeles County.  Because of the large number of hourly employees employed by Defendants, the Class Members are so numerous that joinder of all members is impossible and/or impracticable.

22.     Plaintiff's claims are typical of the Class Members.  Plaintiff, like other Class Members, worked for Defendants in California as an hourly employee, and was subjected to Defendants' policy and practice of refusing to provide duty-free meal or rest periods, to pay all wages owed including overtime, to timely pay wages upon the termination of employment, and to provide accurate itemized statements, in violation of California's wage and hour laws.  Plaintiff's job duties and claims were and are typical of those of other Class Members who worked for Defendants as hourly employees in California.  Like other members of the Sub-Class, Plaintiff's employment with Defendants has terminated.

23.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

24.     Plaintiff will fairly and adequately protect the interests of the Class Members and has retained counsel who are competent and experienced in both class action and employment litigation.

25.     Common questions of law and fact exist as to all Class Members and

1  predominate over any questions solely affecting individual Class Members.  Among the

2  questions of law and fact common to the Class are:

3        (a)  Whether Defendants failed to provide duty-free meal periods to

4           Class Members, in violation of *Labor Code* §§ 226.7 and 512;

5        (b)  Whether Defendants failed to provide duty-free rest periods to

6           Class Members, in violation of *Labor Code* § 226.7;

7        (c)  Whether Defendants failed to pay all wages owed including

8           overtime, in violation of *Labor Code* §§ 510 and 1194;

9        (d)  Whether Defendants failed to provide accurate itemized

10          statements, in violation of *Labor Code* § 226;

11        (e)  Whether Defendants timely paid all wages owed upon the

12          termination of employment, in violation of *Labor Code* § 203;

13        (f)  Whether Defendants' conduct constitutes an unfair, unlawful, or

14          fraudulent business practice within the meaning of *Business and*

15          *Professions Code* § 17200; and

16        (g)  Whether Class Members sustained damages and, if so, the

17          proper measure of such damages.

18  Additional questions of law and/or fact common to the Sub-Class include:

19        (h)  Whether Defendants failed to promptly and timely pay

20          compensation owing to members of the Sub-Class upon the

21          termination of their employment, in violation of California *Labor*

22          *Code* §§ 201 and 202; and

23        (i)  Whether Defendants are liable to members of the Sub-Class for

24          waiting time penalties pursuant to California *Labor Code* § 203,

25          based upon Defendants' willful retention of compensation owing

26          to members of the Sub-Class upon the termination of their

27          employment.

28    26.  Plaintiff knows of no difficulty which will be encountered in the management

1   of this litigation which would preclude its maintenance as a class action.

2      27.   The names and addresses of Class Members are available from Defendants.

3   Notice will be provided to Class Members via first class mail and/or by the use of techniques

4   and a form of notice similar to those customarily used in class actions.

5

6                            **FIRST CAUSE OF ACTION**

7                   **(Failure to Provide Meal Periods in Violation of**
    *Labor Code* **Sections 226.7, 512 & Applicable Wage Orders)**

8

9      28.   Plaintiff incorporates by reference the allegations above contained in

10  Paragraphs 1 through 27, inclusive, as if fully set forth here.

11     29.   During the past three years prior to the filing of the Complaint to present,

12  Defendants routinely failed to provide Plaintiff and Class Members duty-free meal periods

13  and/or to pay Plaintiff and Class Members one additional hour of pay for duty-free meal

14  periods that were not provided in accordance with *Labor Code* Sections 226.7 and 512 and

15  the applicable Wage Orders.  For example, Plaintiff and Class members were required to

16  work through their meal periods in order to complete their daily tasks which included, but is

17  not limited to, picking up vehicles from different locations, taking the vehicles to be cleaned

18  and filled with gasoline, confirming reservations, handling customer service, etc.

19     30.   Defendants' conduct described in this Complaint violated and continues to

20  violate the provisions of *Labor Code* Sections 226.7 and 512 and the applicable Wage

21  Orders, in that Defendants did not and do not provide Plaintiff and Class Members meal

22  periods or pay to Plaintiff and Class Members one hour wages as compensation for the

23  duty-free meal periods not provided as required by law.  Plaintiff and Class Members are

24  entitled to recover the unpaid wages that Defendants owe them, plus interest on that amount

25  at the rate of ten percent per annum, reasonable attorneys' fees, and costs of suit.

26  Additionally, Plaintiff and members of the Sub-Class who were former employees of

27  Defendants are also entitled to recovery waiting-time penalties pursuant to *Labor Code*

28  Section 203.

31.   As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at the time of trial, but not in an amount in excess of the jurisdiction of this Court.

32.   In addition, if Plaintiff succeeds in enforcing these rights affecting the public interest, then attorneys' fees may be awarded to Plaintiff and against Defendants under *Code of Civil Procedure* Section 1021.5 and other applicable law in part because:

(a)   A successful outcome in this action will result in the enforcement of important rights affecting the public interest by requiring Defendants to comply with the wage and hour laws and California's unfair business practice law;

(b)   This action will result in a significant benefit to Plaintiff, the Class, and the general public by bringing to a halt unlawful, unfair, deceptive, and misleading activity and by causing the return of ill-gotten gains obtained by Defendants;

(c)   Unless this action is prosecuted, Class Members and the general public will not recover those monies, and many of Defendants' employees would not be aware that they were victimized by Defendants' wrongful acts and practices;

(d)   Unless this action is prosecuted, Defendants will continue to mislead its employees about the true nature of their rights and remedies under the wage and hour laws; and

(e)   An award of attorneys' fees and costs is necessary for the prosecution of this action and will result in a benefit to Plaintiff, the Class, and to consumers in general by preventing Defendants from continuing to circumvent the wage and hour statutes and frustrate the long-standing recognition by the California legislature and the courts that such statutes, as pled herein, are not merely a matter of private concern between

1     employer and employee to be eviscerated by considerations of
2     waiver, contributory negligence, good or bad faith, and private
3     agreements.   Rather, the wage and hour statutes have been
4     described as a matter of public concern, were designed to
5     provide minimum substantive guarantees to individual workers,
6     and are essential to public welfare.

7

8                    **SECOND CAUSE OF ACTION**

9              **(Failure to Provide Rest Periods in Violation of**
               ***Labor Code* Section 226.7 & Applicable Wage Orders)**
10

11     33.   Plaintiff incorporates by reference the allegations above contained in
12   Paragraphs 1 through 32, inclusive, as if fully set forth here.

13     34.   During the past three years prior to the filing of the Complaint to present,
14   Defendants routinely failed to provide Plaintiff and Class Members duty-free rest periods
15   and/or to pay Plaintiff and Class Members one additional hour of pay for each duty-free rest
16   period that was not provided in accordance with *Labor Code* Section 226.7 and the
17   applicable Wage Orders.  For example, Plaintiff and Class members were required to work
18   through their rest periods in order to complete their daily tasks, which included, but is not
19   limited to, picking up vehicles from different locations, taking the vehicles to be cleaned and
20   filled with gasoline, confirming reservations, handling customer service, etc.

21     35.   Defendants' conduct described in this Complaint violated and continues to
22   violate the provisions of *Labor Code* Section 226.7 and the applicable Wage Orders, in that
23   Defendants did not and do not provide Plaintiff and Class Members rest periods or pay to
24   Plaintiff and Class Members one hour wages as compensation for each duty-free rest period
25   not provided as required by law.  Plaintiff and Class Members are entitled to recover the
26   unpaid wages that Defendants owe them, plus interest on that amount at the rate of ten
27   percent per annum, reasonable attorneys' fees, and costs of suit. Additionally, Plaintiff and
28   members of the Sub-Class who were former employees of Defendants are also entitled to

1    recovery waiting-time penalties pursuant to *Labor Code* Section 203.

2        36.    As a proximate result of the aforementioned violations, Plaintiff and Class

3    Members have been damaged in an amount according to proof at the time of trial, but not

4    in an amount in excess of the jurisdiction of this Court.

5        37.    In addition, if Plaintiff succeeds in enforcing these rights affecting the public

6    interest, then attorneys' fees may be awarded to Plaintiff and against Defendants under

7    *Code of Civil Procedure* Section 1021.5 and other applicable law in part because:

8                    (a)    A successful outcome in this action will result in the enforcement

9                           of important rights affecting the public interest by requiring

10                          Defendants to comply with the wage and hour laws and

11                          California's unfair business practice law;

12                   (b)    This action will result in a significant benefit to Plaintiff, the

13                          Class, and the general public by bringing to a halt unlawful,

14                          unfair, deceptive, and misleading activity and by causing the

15                          return of ill-gotten gains obtained by Defendants;

16                   (c)    Unless this action is prosecuted, Class Members and the

17                          general public will not recover those monies, and many of

18                          Defendants' employees would not be aware that they were

19                          victimized by Defendants' wrongful acts and practices;

20                   (d)    Unless this action is prosecuted, Defendants will continue to

21                          mislead its employees about the true nature of their rights and

22                          remedies under the wage and hour laws; and

23                   (e)    An award of attorneys' fees and costs is necessary for the

24                          prosecution of this action and will result in a benefit to Plaintiff,

25                          the Class, and to consumers in general by preventing

26                          Defendants from continuing to circumvent the wage and hour

27                          statutes and frustrate the long-standing recognition by the

28                          California legislature and the courts that such statutes, as pled

herein, are not merely a matter of private concern between employer and employee to be eviscerated by considerations of waiver, contributory negligence, good or bad faith, and private agreements. Rather, the wage and hour statutes have been described as a matter of public concern, were designed to provide minimum substantive guarantees to individual workers, and are essential to public welfare.

## THIRD CAUSE OF ACTION

**(Failure to Pay All Wages Owed Including Overtime and Straight Time in Violation of *Labor Code* Sections 510 and 1194)**

38.    Plaintiff incorporates by reference the allegations of Paragraphs 1 through 37 inclusive as if fully set forth herein.

39.    Defendants employed Plaintiff as an hourly employee, in the State of California. During the relevant time period, Plaintiff would work in excess of eight hours per day and/or 40 hours per week without overtime compensation.

40.    The laws of the State of California require an employer, such as Defendants, to pay overtime and straight time compensation to all non-exempt employees. Plaintiff and Class Members were not exempt from overtime and straight time pay requirements under California law since they spend the majority of their time working on non-exempt duties and tasks, and worked in excess of eight (8) hours a day or 40 hours a week. Plaintiff and Class Members are not exempt from the right to receive overtime pay or the requirement that their employer pay them overtime compensation under California law.    Plaintiff and Class Members did not, at any time during the relevant time period, qualify under any exemption from the requirement that their employer pay overtime compensation. Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked, and straight time compensation for all straight time hours worked.

41.    Beginning three years prior to the filing of this lawsuit, Defendants failed and

1  refused and continue to fail and refuse to pay Plaintiff and Class Members for all wages
2  owed including overtime and straight time, as required by California wage and hour laws.

3      42.   As a result of the actions of Defendants in failing and refusing to pay for all
4  wages owed including overtime, Plaintiff and Class Members were damaged by not
5  receiving all wages owed which they should have received, but did not receive. Plaintiff and
6  Class Members are entitled to compensation for all wages owed, together with interest.

7      43.   In addition, Plaintiff and members of the Sub-Class are entitled to penalties
8  under *Labor Code* Section 203. *Labor Code* Section 201 requires an employer who
9  discharges an employee to pay compensation due and owing to said employee immediately
10  upon discharge. *Labor Code* Section 202 requires an employer to promptly pay
11  compensation due and owing to an employee within 72 hours of that employee's termination
12  of employment by resignation. *Labor Code* Section 203 provides that if an employer willfully
13  fails to pay compensation promptly upon discharge or resignation in a prompt and timely
14  manner as required by *Labor Code* Sections 201 and 202, said employer is liable to said
15  employee for waiting time penalties as described herein.

16      44.   Defendants have willfully failed and refused, and continue to willfully fail and
17  refuse, to promptly and timely pay all wages owed to Plaintiff and members of the Sub-Class
18  as required under *Labor Code* Sections 201-202. As a result, Defendants are liable to
19  Plaintiff and members of the Sub-Class for waiting time penalties under *Labor Code* Section
20  203, in an amount to be ascertained at trial, together with prejudgment interest.

21      45.   Plaintiff and Class Members are entitled to injunctive relief, pursuant to *Code*
22  *of Civil Procedure* § 526, and to receive an award of reasonable attorneys' fees and costs
23  pursuant to *Labor Code* Sections 218.5, 1194.

24      46.   In addition, if Plaintiff succeeds in enforcing these rights affecting the public
25  interest, then attorneys' fees may be awarded to Plaintiff and against Defendants under
26  *Code of Civil Procedure* Section 1021.5 and other applicable law in part because:

27                  (a)   A successful outcome in this action will result in the enforcement
28                       of important rights affecting the public interest by requiring

1    Defendants to comply with the wage and hour laws and

2    California's unfair business practice law;

3    (b)   This action will result in a significant benefit to Plaintiff, the

4    Class, and the general public by bringing to a halt unlawful,

5    unfair, deceptive, and misleading activity and by causing the

6    return of ill-gotten gains obtained by Defendants;

7    (c)   Unless this action is prosecuted, Class Members and the

8    general public will not recover those monies, and many of

9    Defendants' employees would not be aware that they were

10   victimized by Defendants' wrongful acts and practices;

11   (d)   Unless this action is prosecuted, Defendants will continue to

12   mislead its employees about the true nature of their rights and

13   remedies under the wage and hour laws; and

14   (e)   An award of attorneys' fees and costs is necessary for the

15   prosecution of this action and will result in a benefit to Plaintiff,

16   the Class, and to consumers in general by preventing

17   Defendants from continuing to circumvent the wage and hour

18   statutes and frustrate the long-standing recognition by the

19   California legislature and the courts that such statutes, as pled

20   herein, are not merely a matter of private concern between

21   employer and employee to be eviscerated by considerations of

22   waiver, contributory negligence, good or bad faith, and private

23   agreements.   Rather, the wage and hour statutes have been

24   described as a matter of public concern, were designed to

25   provide minimum substantive guarantees to individual workers,

26   and are essential to public welfare.

27   ///

28   ///

-14-
COMPLAINT

## FOURTH CAUSE OF ACTION

**(Failure to Timely Pay Wages in Violation of**
***Labor Code* Sections 201-203)**

54.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 53 inclusive as if fully set forth herein.

55.     The class period for this Cause of Action is a three-year period prior to the filing of the Complaint to the present.

56.     California *Labor Code* Section 201 provides in relevant part: "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

57.     California *Labor Code* Section 202 provides in relevant part: "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

58.     As alleged herein, Defendants failed to pay wages of Plaintiff and members of the Sub-Class who are former employees of Defendants at the time they became due and payable. Thus, Defendants violated *Labor Code* Sections 201 and 202.

59.     Defendants' failure to pay wages as alleged herein was willful as Defendants knew that Plaintiff and members of the Sub-Class did not receive all earned pay based on Defendants' records.

60.     As a result of Defendants' unlawful acts, members of the Sub-Class who are former employees of Defendants, or any of them, are entitled to recover, pursuant to California *Labor Code* Section 203, continuing wages as a penalty from the due date thereof at the same rate until paid or this action was commenced, but no more than thirty days.

61.     In addition, if Plaintiff succeeds in enforcing these rights affecting the public interest, then attorneys' fees may be awarded to Plaintiff and against Defendants under *Code of Civil Procedure* Section 1021.5 and other applicable law in part because:

(a)     A successful outcome in this action will result in the enforcement of important rights affecting the public interest by requiring Defendants to comply with the wage and hour laws and California's unfair business practice law;

(b)     This action will result in a significant benefit to Plaintiff, the Class, and the general public by bringing to a halt unlawful, unfair, deceptive, and misleading activity and by causing the return of ill-gotten gains obtained by Defendants;

(c)     Unless this action is prosecuted, Class Members and the general public will not recover those monies, and many of Defendants' employees would not be aware that they were victimized by Defendants' wrongful acts and practices;

(d)     Unless this action is prosecuted, Defendants will continue to mislead its employees about the true nature of their rights and remedies under the wage and hour laws; and

(e)     An award of attorneys' fees and costs is necessary for the prosecution of this action and will result in a benefit to Plaintiff, the Class, and to consumers in general by preventing Defendants from continuing to circumvent the wage and hour statutes and frustrate the long-standing recognition by the California legislature and the courts that such statutes, as pled herein, are not merely a matter of private concern between employer and employee to be eviscerated by considerations of waiver, contributory negligence, good or bad faith, and private agreements. Rather, the wage and hour statutes have been described as a matter of public concern, were designed to provide minimum substantive guarantees to individual workers, and are essential to public welfare.

## FIFTH CAUSE OF ACTION

### (Failure to Provide Accurate Itemized Statements
### in Violation of *Labor Code* Section 226)

62.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 61 inclusive as if fully set forth herein.

63.     Pursuant to *Labor Code* Section 226(a), on a semi-monthly basis or at the time of the payment of wages, Defendants were required to furnish each of their employees with an accurate itemized statement in writing showing, *inter alia*, the gross wages earned and the net wages earned.

64.     During all pertinent times beginning three years prior to the filing of this Complaint and continuing thereafter, for each of Defendants' failures to provide duty-free meal and/or rest periods to Plaintiff and Class Members or to pay them one hour wages as compensation for each duty-free meal and/or rest period not provided, and failure to pay all wages owed including overtime, Defendants failed to furnish Plaintiff and Class Members with an itemized statement in writing showing the gross wages earned and the net wages earned.

65.     As a result of Defendants' violation of *Labor Code* Section 226(a), Plaintiff and Class Members suffered injuries, including employee confusion over whether they received all wages owed to them, difficulty and expense involved in reconstructing pay records, and forcing employees to make mathematical computations to analyze whether the wages paid in fact properly compensated them.

66.     Pursuant to Subsections (e) and (g) of *Labor Code* Section 226, Plaintiff and Class Members are entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), injunctive relief, and costs and reasonable attorneys' fees.

67.     Defendants knowingly and intentionally failed to provide to Plaintiff and Class

1  Members accurate itemized statements, in compliance with *Labor Code* Section 226(a), and

2  did so in order to conceal their liability from Plaintiff and Class Members. Thus, Plaintiff and

3  Class members were damaged in that they did not receive accurate itemized statements.

4      68.   In addition, if Plaintiff succeeds in enforcing these rights affecting the public

5  interest, then attorneys' fees may be awarded to Plaintiff and against Defendants under

6  *Code of Civil Procedure* Section 1021.5 and other applicable law in part because:

7            (a)   A successful outcome in this action will result in the enforcement

8                of important rights affecting the public interest by requiring

9                Defendants to comply with the wage and hour laws and

10                California's unfair business practice law;

11            (b)   This action will result in a significant benefit to Plaintiff, the

12                Class, and the general public by bringing to a halt unlawful,

13                unfair, deceptive, and misleading activity and by causing the

14                return of ill-gotten gains obtained by Defendants;

15            (c)   Unless this action is prosecuted, Class Members and the

16                general public will not recover those monies, and many of

17                Defendants' employees would not be aware that they were

18                victimized by Defendants' wrongful acts and practices;

19            (d)   Unless this action is prosecuted, Defendants will continue to

20                mislead its employees about the true nature of their rights and

21                remedies under the wage and hour laws; and

22            (e)   An award of attorneys' fees and costs is necessary for the

23                prosecution of this action and will result in a benefit to Plaintiff,

24                the Class, and to consumers in general by preventing

25                Defendants from continuing to circumvent the wage and hour

26                statutes and frustrate the long-standing recognition by the

27                California legislature and the courts that such statutes, as pled

28                herein, are not merely a matter of private concern between

employer and employee to be eviscerated by considerations of
waiver, contributory negligence, good or bad faith, and private
agreements.  Rather, the wage and hour statutes have been
described as a matter of public concern, were designed to
provide minimum substantive guarantees to individual workers,
and are essential to public welfare.

### SIXTH CAUSE OF ACTION

**(Unfair/Unlawful/Fraudulent Business Practices in Violation of
Business and Professions Code Sections 17200 et seq.)**

69.   Plaintiff incorporates by reference the allegations above contained in Paragraphs 1 through 68, inclusive, as if fully set forth here.

70.   California Business and Professions Code Sections 17200 et seq. ("the UCL") prohibit unfair competition, including but not limited to any unlawful, unfair or fraudulent business practice.

71.   Beginning four years prior to the filing of the Complaint to present, Defendants' conduct, as set forth above, violates the UCL in the following respects:

(a)   Defendants' policies and practices of failing to provide duty-free meal or rest periods, failing to pay for all wages owed including overtime and straight time, and failing to provide accurate itemized statements, constitute unlawful business practices by definition and, thus, violate the UCL;

(b)   Defendants' policies and practices of failing to provide duty-free meal or rest periods, failing to pay for all wages owed including overtime and straight time, and failing to provide accurate itemized statements, constitute unfair business practices because Defendants' practices are unethical, unscrupulous, and substantially injurious to consumers.  The harm to Plaintiff, all others similarly situated, and to members of the general public,

1                    outweighs the utility, if any, of Defendants' policy and practice;

2           (c)     Defendants' policies and practices of failing to provide duty-free

3                    meal or rest periods, failing to pay for all wages owed including

4                    overtime and straight time, and failing to provide accurate

5                    itemized statements, constitute fraudulent business practices

6                    because Defendants' practices are likely to mislead Plaintiff, all

7                    other Class Members, and members of the general public.

8      72.    The unlawful, unfair, and fraudulent business practices by Defendants, as

9 described above, present a continuing threat to the public in that consumers throughout

10 California have suffered and continue to suffer an injury in fact and lost money as a result

11 of Defendants' unlawful, unfair, and fraudulent acts or practices.  Plaintiff suffered an actual

12 injury and brings this action pursuant to *Code of Civil Procedure* Section 382.  In addition,

13 Defendants have been unjustly enriched as a result of their conduct.  Plaintiff, other

14 members of the general public, and Class Members have no other adequate remedy of law

15 in that absent equitable relief from the Court, Defendants are likely to continue to injure

16 consumers, reap unjust enrichment, and harm the public interest, thus engendering a

17 multiplicity of judicial proceedings.

18      73.    All Class Members can be identified by reference to records in the possession

19 of Defendants. All Class Members are entitled to restitution of monies due to them during

20 the relevant time period as a result of said Defendants' unlawful, unfair, and fraudulent

21 conduct, and to injunctive relief.

22      74.    Plaintiff and Class Members are entitled to restitution of the unpaid amounts,

23 as an equitable remedy, and interest at the rate of ten percent per annum, costs of suit, and

24 reasonable attorneys' fees pursuant to the underlying claims as alleged herein above.

25      75.    Pursuant to Business and Professions Code Section 17203, this Court may

26 order paid the full amounts wrongfully retained by Defendants to Plaintiff and Class

27 Members, who were not fully compensated for Defendants' failures to provide duty-free meal

28 or rest periods, failures to pay for all wages owed including overtime, and failures to provide

1   accurate itemized statements, for the four-year period prior to the filing of this Complaint and

2   continuing thereafter.  Plaintiff will, upon leave of Court, amend this Complaint to state the

3   amount of such wrongfully retained amounts when they are ascertained.

4       76.    Injunctive relief is necessary and appropriate to prevent Defendants from

5   repeating the wrongful business practices alleged herein.

6       77.    Plaintiff's success in this action will enforce important rights affecting the public

7   interest and in that regard Plaintiff sues on behalf of the public as well as herself.  Plaintiff

8   and Class Members seek and are entitled to money owing and unpaid, an injunction, an

9   equitable accounting, and all other equitable relief required to remedy Defendants' failure to

10  pay the required money.

11      78.    In addition, if Plaintiff succeeds in enforcing these rights affecting the public

12  interest, then attorneys' fees may be awarded to Plaintiff and against Defendants under

13  *Code of Civil Procedure* Section 1021.5 and other applicable law in part because:

14          (a)    A successful outcome in this action will result in the enforcement

15                 of important rights affecting the public interest by requiring

16                 Defendants to comply with the wage and hour laws and

17                 California's unfair business practice law;

18          (b)    This action will result in a significant benefit to Plaintiff, the

19                 Class, and the general public by bringing to a halt unlawful,

20                 unfair, deceptive, and misleading activity and by causing the

21                 return of ill-gotten gains obtained by Defendants;

22          (c)    Unless this action is prosecuted, Class Members and the

23                 general public will not recover those monies, and many of

24                 Defendants' employees would not be aware that they were

25                 victimized by Defendants' wrongful acts and practices;

26          (d)    Unless this action is prosecuted, Defendants will continue to

27                 mislead its employees about the true nature of their rights and

28                 remedies under the wage and hour laws; and

-21-
**COMPLAINT**

(e)     An award of attorneys' fees and costs is necessary for the prosecution of this action and will result in a benefit to Plaintiff, the Class, and to consumers in general by preventing Defendants from continuing to circumvent the wage and hour statutes and frustrate the long-standing recognition by the California legislature and the courts that such statutes, as pled herein, are not merely a matter of private concern between employer and employee to be eviscerated by considerations of waiver, contributory negligence, good or bad faith, and private agreements.  Rather, the wage and hour statutes have been described as a matter of public concern, were designed to provide minimum substantive guarantees to individual workers, and are essential to public welfare.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1.     On all causes of action, for an Order certifying the class, naming Plaintiff as Class Representative, and naming the attorneys of record for Plaintiff in the included action as Class Counsel, and allowing this action to proceed and be maintained as a class action;

2.     On the First Cause of Action:

(a)     A declaratory judgment that Defendants have violated *Labor Code* Sections 226.7 and 512, and applicable Wage Orders;

(b)     Pursuant to *Labor Code* Section 226.7, and applicable Wage Orders, an award to Plaintiff and Class Members of an additional hour of pay at the employee's regular rate of compensation for meal periods that were not provided or paid for at the rate of an additional hour of pay, in accordance with California law;

1         (c)     Accrued interest pursuant to *Labor Code* Section 218.6;

2         (d)     For waiting time penalties pursuant to *Labor Code* Section 203;

3         (e)     An award of reasonable attorneys' fees pursuant to, *inter alia*,

4                 *Labor Code* Section 218.5 or 1194 and *Code of Civil Procedure*

5                 Section 1021.5.

6    3.    On the Second Cause of Action:

7         (a)     A declaratory judgment that Defendants have violated *Labor*

8                 *Code* Section 226.7, and applicable Wage Orders;

9         (b)     Pursuant to *Labor Code* Section 226.7, and applicable Wage

10                Orders, an award to Plaintiff and Class Members of an additional

11                hour of pay at the employee's regular rate of compensation for

12                rest periods that were not provided or paid for at the rate of an

13                additional hour of pay, in accordance with California law;

14         (c)     Accrued interest pursuant to *Labor Code* Section 218.6;

15         (d)     For waiting time penalties pursuant to *Labor Code* Section 203;

16         (e)     An award of reasonable attorneys' fees pursuant to, *inter alia*,

17                 *Labor Code* Section 218.5 or 1194 and *Code of Civil Procedure*

18                 Section 1021.5.

19    4.    On the Third Cause of Action:

20         (a)     For unpaid wages including overtime and straight time, together

21                with interest;

22         (b)     For waiting time penalties pursuant to *Labor Code* Section 203;

23         (c)     For reasonable attorneys' fees pursuant to California *Labor*

24                 *Code* Section 218.5 or 1194(a).

25    5.    On the Fourth Cause of Action:

26         (a)     A declaratory judgment that Defendants have violated *Labor*

27                 *Code* Sections 201, 202, and 203;

28         (b)     A monetary award to Plaintiff and members of the Sub-Class of

1    continuing wages as a penalty from the due date thereof at the

2    same rate until paid or this action was commenced, but no more

3    than thirty days;

4    (c)    An award of reasonable attorneys' fees pursuant to, *inter alia*,

5    *Labor Code* Section 218.5 or 1194 and *Code of Civil Procedure*

6    Section 1021.5.

7    6.    On the Fifth Cause of Action:

8    (a)    A declaratory judgment that Defendants have violated *Labor*

9    *Code* Section 226;

10    (b)    A monetary award as damages or a penalty pursuant to *Labor*

11    *Code* Section 226(e), as allowable by law;

12    (c)    Injunctive relief, pursuant to *Labor Code* Section 226(g);

13    (d)    An award of reasonable attorneys' fees pursuant to *Labor Code*

14    Section 226, and *Code of Civil Procedure* Section 1021.5.

15    7.    On the Sixth Cause of Action:

16    (a)    That the Court retain jurisdiction over this matter until all sums

17    owed by Defendants are paid and all restitution due from

18    Defendants is made, and that the Court issue an order requiring

19    Defendants to henceforth pay the equitable relief sought here,

20    to Plaintiff and Class Members starting four years prior to the

21    filing of this lawsuit and continuing;

22    (b)    Restitution of unpaid monies pursuant to Business & Professions

23    Code Section 17203;

24    (c)    A preliminary and permanent injunction against Defendants

25    restraining them from violating the California Labor Code and

26    Wage Orders now and in the future;

27    (d)    Accrued interest pursuant to *Labor Code* Section 218.6;

28    (e)    An award of reasonable attorneys' fees pursuant to, *inter alia*,

-24-
**COMPLAINT**

3

1    *Labor Code* Section 218.5 or 1194 and *Code of Civil Procedure*

2    Section 1021.5.

3    8.    Interest on all unpaid amounts;

4    9.    Costs of suit;

5    10.   Any other and further relief that the Court deems just and proper.

6

7    Dated: February 17, 2011                    WESTRUP KLICK, LLP
                                                 LABOR LAW OFFICE, A.P.C.

8                                                By:

9                                                    LAWRENCE R. CAGNEY
                                                     WESTRUP KLICK, LLP

10                                                   Attorneys for Plaintiff DEVA KELLY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-25-
**COMPLAINT**

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Lawrence R. Cagney (SBN 141845)<br>WESTRUP KLICK, LLP<br>444 West Ocean Boulevard, Suite 1614<br><br>Long Beach, California 90802<br>**TELEPHONE NO.:** 562-432-2551    **FAX NO.:** 562-435-4856<br>**ATTORNEY FOR** *(Name):* Plaintiff DEVA KELLY | **FOR COURT USE ONLY**<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>FEB 18 2011<br><br>John A. Clarke, Executive Officer/Clerk<br>BY_____ Deputy<br>Mary Flores |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
**STREET ADDRESS:** 111 North Hill St.
**MAILING ADDRESS:** Same.
**CITY AND ZIP CODE:** Los Angeles, CA 90012
**BRANCH NAME:** Central District

**CASE NAME:** DEVA KELLY v. HERTZ LOCAL EDITION, CORP.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | BC455657 |
| | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09)<br>[ ] Insurance coverage (18) | [ ] Mass tort (40)<br>[ ] Securities litigation (28) |
| [ ] Asbestos (04)<br>[ ] Product liability (24) | [ ] Other contract (37)<br>**Real Property** | [ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08) | [ ] Other real property (26)<br>**Unlawful Detainer** | [ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint** |
| [ ] Defamation (13)<br>[ ] Fraud (16) | [ ] Commercial (31)<br>[ ] Residential (32) | [ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19)<br>[ ] Professional negligence (25) | [ ] Drugs (38)<br>**Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35)<br>**Employment** | [ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11) | [ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36)<br>[X] Other employment (15) | [ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | |

**2.** This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
  b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. [X] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive

**4.** Number of causes of action *(specify):*

**5.** This case [X] is [ ] is not a class action suit.

**6.** If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: February 17, 2011

Lawrence R. Cagney (SBN 141845)
_____(TYPE OR PRINT NAME)_____          ____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**   Legal Solutions Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

34

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or
    toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
      or wrongful eviction*)
    Contract/Warranty Breach—Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

| SHORT TITLE: DEVA KELLY v. HERTZ LOCAL EDITION, CORP. | CASE NUMBER: BC 455557 |
|---|---|

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 18 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Mary Flores

### CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [X] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 10 [ ] HOURS/ [X] DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2. |
| | | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |

LACIV 109 (Rev. 01/11)
LASC Draft 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 1 of 4
LA-CV109

3

| SHORT TITLE: DEVA KELLY v. HERTZ LOCAL EDITION, CORP. | | CASE NUMBER | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

37

| SHORT TITLE: DEVA KELLY v. HERTZ LOCAL EDITION, CORP. | | CASE NUMBER |
|---|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 9. |
| | | ☐ A6160  Abstract of Judgment | 2, 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9. |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9. |
| | | ☐ A6124  Elder/Dependant Adult Abuse Case | 2, 3, 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2, 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 4, 8. |
| | | ☐ A6100  Other Civil Petition | 2, 9. |

LACIV 109 (Rev. 01/11)     **CIVIL CASE COVER SHEET ADDENDUM**     LASC, rule 2.0
LASC Draft 03-04     **AND STATEMENT OF LOCATION**     Page 3 of 4

3

| SHORT TITLE: DEVA KELLY v. HERTZ LOCAL EDITION, CORP. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>[X]1. □2. □3. □4. □5. □6. □7. □8. □9. □10. | ADDRESS: 9462 Firestone Blvd |
|---|---|
| **CITY:**<br>Downey | **STATE:**<br>CA | **ZIP CODE:**<br>90241-5504 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>02/17/11</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

Lawrence R. Cagney

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 (Rev. 01/07).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

3

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
Case Number _____

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3©). There is additional information on the reverse side of this form

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 | |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 | |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. John A. Kronstadt | 30 | 400 | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 | |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 | |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 | |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 | |
| Hon. Michael C. Solner | 39 | 415 | Hon. Emilie H. Elias* | 324 | CCW | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | other | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | |

**\*Class Actions**
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S.Commonwealth Ave., Los Angeles 9000!
This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the
Outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the
Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____,   JOHN A. CLARKE, Executive Officer/Clerk
By_____, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

4

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

4

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion.  If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases.  The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time.  Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system.  It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case.  Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5426 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

4

# EXHIBIT B

**CT Corporation**

**Service of Process Transmittal**
03/04/2011
CT Log Number 518136710

TO:   Carolyn Fry
      The Hertz Corporation
      225 Brae Boulevard
      Park Ridge, NJ 07656-0713

RE:   **Process Served in California**

FOR:  Hertz Local Edition Corp. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Deva Kelly, individually and on behalf of others similarly situated, Pltf. vs. Hertz Local Edition, Corp., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Affidavit, Notice of Case Management Conference, Minute Order |
| **COURT/AGENCY:** | Los Angeles County, Superior Court, Central District, CA Case # BC455557 |
| **NATURE OF ACTION:** | Employee Litigation - Worker's Compensation - Peremptory Challenge to Judicial Officer - Case Management Conference is scheduled |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA. |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/04/2011 at 14:00 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | 06/02/2011 at 8:30 a.m. |
| **ATTORNEY(S) / SENDER(S):** | Lawrence R. Cagney Westrup Klick, LLP 444 West Ocean Boulevard, Suite 1614 Long Beach, CA 90802 562-432-2551 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/04/2011, Expected Purge Date: 03/09/2011 Image SOP Email Notification, Carolyn Fry cfry@hertz.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 2 / DA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process
Transmittal**
03/04/2011
CT Log Number 518136710

TO:    Carolyn Fry
       The Hertz Corporation
       225 Brae Boulevard
       Park Ridge, NJ 07656-0713

RE:    **Process Served in California**

FOR:   Hertz Local Edition Corp. (Domestic State: DE)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Summons, Complaint, Cover Sheet, Addendum and Statement, Instructions | By Process Server on 02/24/2011 at 13:10 | Carolyn Fry The Hertz Corporation | 518089837 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

3-4-11          2001M

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| Lawrence R. Cagney (SBN 141845)<br>WESTRUP KLICK, LLP<br>444 West Ocean Boulevard, Suite 1614<br>Long Beach, California 90802<br>562-432-2551<br>ATTORNEY FOR (Name): Plaintiff DEVA KELLY | 141845 | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS: 111 North Hill St.
Los Angeles, CA 90012

PLAINTIFF: DEVA KELLY

DEFENDANT: HERTZ LOCAL EDITION, CORP.

**AFFIDAVIT OF PREJUDICE**
PEREMPTORY CHALLENGE TO JUDICIAL OFFICER
(Code Civ. Proc., § 170.6)

| | CASE NUMBER |
|---|---|
| | BC455557 |

| Name of Judicial Officer<br>ROLF M. TREU | Dept./Div. Number<br>58 |
|---|---|
| [X] Judge    [ ] Commissioner    [ ] Referee | |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

| I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct | | |
|---|---|---|
| Date:<br>March 3, 2011 | Signature of Declarant | Attorney for Deva Kelly<br>(Name of Party)<br>[X] Plaintiff    [ ] Cross Complainant<br>[ ] Defendant    [ ] Cross Defendant |

**AFFIDAVIT OF PREJUDICE**
**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**

Code Civ. Proc., § 170.6
LA-C1015

48

ORIGINAL FILED

FILE STAMP

MAR 1 – 2011

LOS ANGELES
SUPERIOR COURT

NOTICE SENT TO:

Westrup, R. Duane, Esq.
Westrup Klick, LLP
444 West Ocean Blvd., Suite 1614
Long Beach,          CA  90802-4524

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| DEVA KELLY | Plaintiff(s), | BC455557 |
| VS. | | |
| HERTZ LOCAL EDITION CORP | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for June 2, 2011 at 8:30 am in Dept. 58 at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:**   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:  March 1, 2011

**ROLF M. TREU**

_____
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[X] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date:  March 1, 2011

John A. Clarke, Executive Officer/Clerk

by _Robert Yee_____ , Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

4

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 03/01/11                                                                DEPT. 324

HONORABLE EMILIE H. ELIAS          JUDGE  A. MORALES          DEPUTY CLERK

HONORABLE                          JUDGE PRO TEM              ELECTRONIC RECORDING MONITOR

              NONE                 Deputy Sheriff  NONE                 Reporter

8:30 am  BC455557                  Plaintiff
                                   Counsel        NO APPEARANCES
         DEVA KELLY
         VS                        Defendant
         HERTZ LOCAL EDITION CORP  Counsel

                                                    ┌─────────────────┐
         NON-COMPLEX (03-01-11)                     │ Scanned by:      │
                                                    │ Return to:       │
                                                    └─────────────────┘

NATURE OF PROCEEDINGS:

COURT ORDER

This Court makes its determination whether or not this
case should be deemed complex pursuant to Rule 3.400
of the California Rules of Court.

This case is designated non-complex and is reassigned
to Judge Rolf M. Treu in Department 58 at
Stanley Mosk Courthouse for all further proceedings.

Court orders any complex case fee paid to be refunded.

Plaintiff is ordered to serve a copy of this minute
order on all parties forthwith and file a proof of
service in Department 58 within five (5) days of
service.

Any party objecting to the non-complex designation
must file an objection and proof of service in
Department 324 within ten (10) days of service of this
minute order. Any response to the objection must be
filed in Department 324 within seven (7) days of
service of the objection. This Court will make its
ruling on the submitted pleadings.

              CLERK'S CERTIFICATE OF MAILING/
                 NOTICE OF ENTRY OF ORDER

              Page   1 of  2   DEPT. 324           ┌─────────────────────┐
                                                   │ MINUTES ENTERED     │
                                                   │ 03/01/11            │
                                                   │ COUNTY CLERK        │
                                                   └─────────────────────┘

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | DEPT. 324 |
|---|---|---|---|
| DATE: 03/01/11 | | | |
| HONORABLE EMILIE H. ELIAS | JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC455557 | Plaintiff Counsel | NO APPEARANCES |
| | DEVA KELLY | | |
| | VS | Defendant Counsel | |
| | HERTZ LOCAL EDITION CORP | | |
| | NON-COMPLEX (03-01-11) | | |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
03-01-11 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 03-01-11

John A. Clarke, Executive Officer/Clerk

By:     **KIN HILAIRE**
        K. HILAIRE

WESTRUP & KLICK. LLP
R. Duane Westrup, Esq.
444 West Ocean Boulevard, Suite 1614
Long Beach, California  90802-4524

MINUTES ENTERED
03/01/11
COUNTY CLERK

# EXHIBIT C

ROBERT A. DOLINKO (State Bar No. 076256)
RICHARD E. BROMLEY (State Bar No. 156260)
MATTHEW J. FRANKEL (State Bar No. 256633)
NIXON PEABODY LLP
One Embarcadero Center, Suite 1800
San Francisco, CA 94111
Telephone:    (415) 984-8200
Facsimile:    (415) 984-8300

Attorneys for Defendant
HERTZ LOCAL EDITION CORPORATION

PLEASE CONFORM
AND RETURN

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 22 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DEVA KELLY, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HERTZ LOCAL EDITION CORP., a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. BC 455557<br><br>**CLASS ACTION**<br><br>**DEFENDANT HERTZ LOCAL EDITION CORP.'S ANSWER TO COMPLAINT**<br><br>Action filed:    February 18, 2011<br>Trial date:      None Set |

Defendant Hertz Local Edition Corporation ("HLE" or "Defendant") hereby responds to the unverified Complaint ("Complaint") filed by Plaintiff Deva Kelly ("Plaintiff"). As used herein, the term "Plaintiff" also means and includes all others similarly situated on whose behalf the Complaint was purportedly filed.

///

///

///

///

DEFENDANT HERTZ LOCAL EDITION CORP.'S ANSWER TO
COMPLAINT – CASE NO. BC 455557

13396966.1

1
## GENERAL DENIAL

2    Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure,

3    Defendant generally denies each and every allegation of the Complaint, including that this action may

4    be maintained as a representative action or as a class action on behalf of others purportedly similarly

5    situated, and/or the general public, and further denies that Plaintiff or anyone else on whose behalf

6    the Complaint is purportedly brought is entitled to damages, statutory penalties, punitive damages,

7    restitution, disgorgement, interest, attorneys' fees or costs, or any other form of legal or equitable

8    relief.

9

10
## AFFIRMATIVE DEFENSES

11
### FIRST AFFIRMATIVE DEFENSE

12
### (Failure to State a Cause of Action)

13    The Complaint, and each purported cause of action alleged therein, fails to state facts

14    sufficient to constitute a cause of action against Defendant.

15
### SECOND AFFIRMATIVE DEFENSE

16
### (Statute of Limitations)

17    The causes of action asserted in the Complaint are barred, in whole or in part, by the

18    applicable statutes of limitations, including without limitation those set forth in California Code of

19    Civil Procedure Sections 337, 338(a), 340(a) and 343, and California Business and Professions Code

20    Section 17208.

21
### THIRD AFFIRMATIVE DEFENSE

22
### (No Standing)

23    Plaintiff lacks standing to sue on behalf of herself or the purported class of others similarly

24    situated with respect to all or some of their causes of action in the Complaint or the requested relief.

25
### FOURTH AFFIRMATIVE DEFENSE

26
### (Laches)

27    Defendant is informed and believes that Plaintiff's causes of action are barred, in whole or in

28

-2-

51

1  part, due to Plaintiff's unreasonable delay in notifying Defendant of the alleged actionable wrongs,

2  which delays have resulted in prejudice to Defendant.

### FIFTH AFFIRMATIVE DEFENSE

### (Waiver/Estoppel/Unclean Hands)

Defendant is informed and believes that Plaintiff's causes of action are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or unclean hands, including without limitation because the acts alleged in the Complaint to be unlawful occurred, if at all, a result of conduct, omissions, and/or with the consent and voluntary participation of Plaintiff and the purported class members.

### SIXTH AFFIRMATIVE DEFENSE

### (Good Faith Wage Dispute)

Although Defendant denies that it owes any amounts to Plaintiff or the purported class members, if it should be determined that amounts are owed, Defendant alleges, based on information and belief, that at all times relevant hereto a reasonable good faith dispute existed as to whether any such amounts were owed to Plaintiff and the purported class, pursuant to Labor Code Section 203 and/or Title 8, Section 13520 of the California Code of Regulations.

### SEVENTH AFFIRMATIVE DEFENSE

### (Constitutional Bar to Punitive Damages)

While Defendant denies that it committed or has responsibility for any act that could support the recovery of punitive damages, to the extent such recovery is sought against Defendant, it is unconstitutional under the provisions of the United States Constitution and/or the California Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

Defendant alleges, based on information and belief, that Plaintiff's and the purported class members' claims for damages are barred because they are speculative and uncertain.

-3-

### NINTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

Defendant alleges, based on information and belief, that Plaintiff's claims for damages are barred in whole or in part to the extent Plaintiff and/or the purported class members' failed to mitigate, minimize, or avoid the damages alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

#### (Failure to Meet Requirements for Class Action)

Defendant alleges, based on information and belief, that Plaintiff's claims will not support class treatment because: they do not raise questions of law or fact that predominate over individual legal or factual issues; they are not typical of the claims of the putative class; Plaintiff is not an adequate or proper representatives of the putative class; and/or the action fails to satisfy the legal standards for a class action.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Res Judicata/Collateral Estoppel)

Plaintiff's claims are barred by res judicata and/or the doctrine of collateral estoppel to the extent such claims are covered by and/or subject to the final judgment entered by the Superior Court of California for the County of San Diego in *Piccirilli v. The Hertz Corporation*, Case No. 37-2007-00068930-CU-BT-CTL.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Merger)

Plaintiff's claims are barred by the doctrine of merger to the extent such claims are covered by and/or subject to the final judgment entered by the Superior Court of California for the County of San Diego in *Piccirilli v. The Hertz Corporation*, Case No. 37-2007-00068930-CU-BT-CTL.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Release)

Plaintiff's claims have been released, and are therefore barred, to the extent such claims are covered by and/or subject to the final judgment entered by the Superior Court of California for the

-4-

County of San Diego in *Piccirilli v. The Hertz Corporation*, Case No. 37-2007-00068930-CU-BT-CTL.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Plaintiff's claims were fully and finally compromised, and are therefore barred, to the extent such claims are covered by and/or subject to final judgment entered by the Superior Court of California for the County of San Diego in *Piccirilli v. The Hertz Corporation*, Case No. 37-2007-00068930-CU-BT-CTL.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Other Action Pending)

Plaintiff's claims are encompassed by an earlier action filed in the Superior Court of California for the County of Orange, and removed to the U.S. District Court for the Central District of California, entitled *Nelson v. Hertz Local Edition Corporation*, Case No. SA CV11-00328 AG(Ex), which action is still pending and takes precedence.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Waiver of Additional Defenses)

As a separate affirmative defense, Defendant has insufficient knowledge or information upon which to form a belief as to whether it may have additional, but as yet unstated, affirmative defenses available. Defendant reserves the right to amend this Answer to add, delete, or modify defenses based up on legal theories that may or will be available following clarification of Plaintiff's Complaint through discovery, or through further analysis of Plaintiff's claims in this litigation.

///
///
///
///
///
///

-5-

13396966.1

## PRAYER

WHEREFORE, Defendant Hertz Local Edition Corporation prays for judgment as follows:

1.     That the Complaint be dismissed with prejudice and in its entirety, and that Plaintiff and the purported class members take nothing thereby;

2.     That Defendant be awarded its costs of suit, including reasonable attorneys' fees; and

3.     That Defendant be awarded such other and further relief as the Court deems just and proper.

Dated: March 22, 2011

Respectfully submitted,

NIXON PEABODY LLP

By: _____

Robert A. Dolinko
Richard E. Bromley
Matthew J. Frankel
Attorneys for Defendant
HERTZ LOCAL EDITION
CORPORATION

-6-

DEFENDANT HERTZ LOCAL EDITION CORP.'S ANSWER TO
COMPLAINT – CASE NO. BC 455557

13396966.1

## PROOF OF SERVICE

**CASE NAME:** **DEVA KELLY V. HERTZ LOCAL EDITION CORP.**
**COURT:**      **SUPERIOR COURT, COUNTY OF LOS ANGELES**
**CASE NO.:**   **BC 455557**
**NP FILE:**    **412307.134**

I, the undersigned, certify that I am employed in the City and County of Los Angeles, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is Gas Company Tower, 555 West Fifth St., 46th Floor, Los Angeles, California 90013-1010. On this date, I served the following document(s):

### DEFENDANT HERTZ LOCAL EDITION CORP.'S ANSWER TO COMPLAINT

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

__X__ : By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in Los Angeles, California, for mailing to the office of the addressee following ordinary business practices.

_____ : By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

_____ : By Overnight Courier — I caused each such envelope to be given to an overnight mail service at Los Angeles, California, to be hand delivered to the office of the addressee on the next business day.

_____ : By Facsimile — From facsimile number  at approximately A.M./P.M., I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

**Addressee(s)**

Margaret Ryan Kreeger
9744 Beach Boulevard, #264
Huntington Beach, CA 92648
Tel. (714) 553-4153

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 22, 2011, at Los Angeles, California.

Marisa Sithi-Amnuai

PROOF OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV11- 2473 RGK (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>DEVA KELLY, individually, and as private attorneys general<br>and on behalf of all persons similar situated | **DEFENDANTS**<br>HERTZ LOCAL EDITION CORP. a Delaware corporation, and<br>DOES 1 through 100, inclusive |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing<br>yourself, provide same.)<br>R. Duane Westrup, Esq.<br>WESTRUP KLICK, LLP<br>444 West Ocean Boulevard, Suite 1614<br>Long Beach, CA 90802-4524<br>Tel.: (562) 432-2551 | Attorneys (If Known)<br>Robert A. Dolinko, Esq.<br>Richard E. Bromley, Esq.<br>NIXON PEABODY, LLP<br>555 West Fifth Street, 46th Floor<br>Los Angeles, CA 90013<br>Tel. (213) 629-6000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sec. 1332(d).

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 22 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities – Employment
☐ 446 American with Disabilities – Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☒ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 61 HIA(1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW 405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV11-02473

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

American LegalNet, Inc.<br>www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes
If yes, list case number(s):　SA CV11-00328 AG (Ex)

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)　☒ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)　List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)　List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware and New Jersey |

(c)　List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
　　**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):　_____　Date　March 24, 2011
　　　　　　　　　　　　　　　　RICHARD E. BROMLEY

　　**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com